## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **TERRY CANNON, ET AL.** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NUMBER: 06-8034** |
| **ANPAC LOUISIANA INSURANCE COMPANY** | * | **SECTION "L" (4)** |

### ORDER & REASONS

Before the Court is the Plaintiffs' Motion to Remand (Rec. Doc. 3).  For the following reasons, the Plaintiffs' motion is now GRANTED.

**I.      BACKGROUND**

This case arises from a dispute regarding insurance coverage for the Plaintiffs' home located at 5163 Venus Street in New Orleans, Louisiana, which suffered damage as a result of Hurricane Katrina.  The Defendant in this case is ANPAC Louisiana Insurance Company ("ANPAC"), the Plaintiffs' homeowners' insurance carrier.

In August of 2006, the Plaintiffs filed the present action in the Civil District Court for the Parish of Orleans, State of Louisiana.  The Plaintiffs allege that they are entitled to payment from ANPAC for damages and losses to the property, in addition to bad-faith penalties under Louisiana law.

ANPAC removed this case to federal court on October 13, 2006, contending that this Court has jurisdiction under the Multiparty, Multiforum Trial Jurisdiction Act, 28 U.S.C. § 1369. On November 13, 2006, the Plaintiff filed the instant motion to remand.

**II.     LAW & ANALYSIS**

The removing defendant bears the burden of demonstrating that federal jurisdiction exists

1

and therefore that removal was proper.  *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993).  As a general matter, the removal statute is to be construed narrowly and in favor of remand to state court.  *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941).  Indeed, "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."  *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).  Accordingly, all disputed questions of fact must be resolved in favor of the non-moving party.  *See Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995).

ANPAC asserts that federal jurisdiction exists under the Multiparty, Multiforum Trial Jurisdiction Act ("MMTJA").  ANPAC contends that removal was proper pursuant to 28 U.S.C. § 1441(e)(1)(B) because it is a party to *Abadie v. Aegis Sec. Ins. Co.*, No. 06-5164 (E.D. La. filed Aug. 28, 2006), which is pending in this District and which ANPAC argues could have been brought under 28 U.S.C. § 1369.

Section 1369 creates original federal jurisdiction over "any civil action involving minimal diversity between adverse parties that arises from a single accident, where at least 75 natural persons have died in the accident at a discrete location."  28 U.S.C. § 1369(a).  The Eastern District has consistently found that the MMTJA does not confer federal jurisdiction over cases arising out of Hurricane Katrina, in part because the requisite number of deaths did not occur at a "discrete location."  *See, e.g., Southall v. St. Paul Travelers Ins. Co.*, No. 06-3848, 2006 WL 2385365, at *5-6 (E.D. La. Aug. 16, 2006); *Flint v. La. Farm Bureau Mut. Ins. Co.*, No. 06-2546, 2006 WL 2375593, at *2-4 (E.D. La. Aug. 15, 2006).  Moreover, one court in this district has specifically concluded that the *Abadie* action could not have been brought under § 1369.  *See Case v. ANPAC La. Ins. Co.*, ___ F. Supp. 2d ___, 2006 WL 3615064, at *6-15 (E.D.

2

La. Dec. 11, 2006).  This Court agrees and finds that the MMTJA does not confer federal

jurisdiction in this case.

**III.     CONCLUSION**

For the foregoing reasons, IT IS ORDERED that the Plaintiffs' Motion to Remand is

GRANTED and that this matter is hereby REMANDED to the Civil District Court for the Parish

of Orleans, State of Louisiana.

.

New Orleans, Louisiana, this  21st  day of   February  , 2007.

UNITED STATES DISTRICT JUDGE